LUCIUS B. OTIS

*v.*

THE CITY OF CHICAGO,

and

LABAN S. MAJOR

*v.*

SAME.

1. DELINQUENT TAXES AND SPECIAL ASSESSMENTS—*who may apply for judgment therefor—constitutional law.* The authority vested in the city collector of Chicago, by virtue of the charter of the city, upon application to the court to obtain an order for the sale of real estate for the payment of delinquent city taxes and unpaid special assessments was abrogated by sec. 4 of article 9 of the constitution of 1870, which requires the legislature to provide, in all cases where necessary to sell real estate for the non-payment of taxes or assessments for State, county, municipal, or other purposes, that a return shall be made to some general officer of the county having authority to receive State and county taxes, and vests in such officer alone, upon the order or judgment of some court of record, the power to sell.

2. And, as held in *Hills* v. *The City of Chicago,* 60 Ill. 86, this provision of the constitution went into effect immediately upon the adoption of that instrument, its operation not awaiting the action of the legislature in designating to what general officer the returns should be made.

APPEALS from the Superior Court of Cook County.

Mr. EDWARD ROBY & Mr. JOHN BORDEN, for the appellants.

Mr. M. F. TULEY, for the appellee.

Per CURIAM : These cases arise upon the same proceeding. It was an application by the collector of the city of Chicago, at the March term, 1871, of the Superior Court, for judgment upon a special assessment warrant, in a proceeding to widen an alley from Clark Street to La Salle Street—running east

and west through block 117, school section addition to Chicago.

We have examined the several points made, and perceive no ground for reversal, except as to one point, viz; the want of authority in the city collector to apply for judgment. His authority in this behalf had been abrogated by the new constitution. *Hills* v. *Chicago*, 60 Ill. 86. The judgments must be reversed and causes remanded.

*Judgments reversed.**

---

* In conformity with this decision, the judgments of the court below are reversed in the cases of the following named appellants against the city of Chicago, all being rendered upon applications made by the city collector for orders to sell real estate for the payment of delinquent taxes and unpaid special assessments : John McGlashan, Wm. B. Snowhook, Frederick H. Winston *et al.*, Henry H. Walker, A. T. Galt, Robert T. Lincoln *et al.* Alvin Salisbury, Joseph N. Barker, J. H. Dunham *et al.*, Elizabeth W. Murray *et al.*, Timothy Wright, Barnum Blake, Augustus J. Vaass *et al.*, Pacific Hotel Co., J. Mason Parker, John C. Campbell *et al.*, Andrew Garrison, Martin Andrews, Charles A. Gregory, George W. Gerrish, Charles Follansbee, Robert Rae, Henry Potwin, Walter N. Woodruff, Jacob Harris, Clara S. Mason, Mary Ann Hogarth, Charles V. Dyer, Brainard T. Smith, Henry H. Walker, P. D. Hamilton, Bridget O'Reilly, Francis M. Griffin, Philip Larmon, Francis Larned, Henry H. Walker, George F. Harding, Walter N. Woodruff, Bernard A. Stampoffski, Walter N. Woodruff, Charles Follansbee, Phœbe R. Miller, John R. Hoxie. Francis Larned, and Bridget O'Reilly.